■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALYN MONTANEZ, Appellant. — Judgment of the Supreme Court, Bronx County (Parness, J.), rendered November 14, 1980, after a nonjury trial, convicting appellant of manslaughter in the first degree, robbery in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing her to two concurrent terms of imprisonment of 4 years to 12 years on the manslaughter and robbery counts and one year on the weapons count, unanimously modified, on the law and the facts, and as a matter of discretion in the interest of justice, to the extent of reversing the judgment insofar as it convicted appellant of manslaughter in the first degree and criminal possession of a weapon in the fourth degree and vacating the sentences thereon, reducing the conviction of robbery in the first degree to robbery in the third degree and remitting the matter to Criminal Term for resentencing of appellant in accordance herewith, and otherwise affirmed. Appellant is a 16-year-old girl who was indicted for felony murder, intentional murder, robbery in the first degree, and criminal possession of a weapon in the fourth degree. The People alleged that on February 3, 1980, appellant, acting in concert with an unapprehended codefendant, caused the death of Israel Caceres while robbing Caceres in an abandoned building. The main evidence linking appellant to the crime consisted of a series of statements she gave the police, which the court refused to suppress, and footprints at the scene of the crime which matched the sneakers appellant was wearing. After a psychiatric examination ordered under CPL 730, both Drs. Brodsky and Eshkenazi reported that appellant was competent to stand trial, although her I.Q. tested at 50, and she was diagnosed as "border-line mental retarded". Both reports mention appellant's chronic alcoholism and drug abuse, her repeated suicide attempts and her hallucinatory tendencies. Appellant is also described as a persistent runaway from a troubled home, with

an extensive history of psychiatric institutionalization. Although appellant's confession was properly admitted, in view of her mental, emotional and psychological history, we deem the objective proof in this case, when considered in connection with the successive inconsistent inculpatory statements made by appellant, as being sufficient to justify a conviction by the trial court of robbery in the third degree, and no more. Concur — Kupferman, J. P., Carro, Silverman and Asch, JJ.